IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**ROY TERRELL and**     **PLAINTIFFS**
**ALLIE TERRELL**

**V.**     **NO. 4:20-CV-167-DMB-DAS**

**REGIONS BANK**     **DEFENDANT**

## ORDER

Roy and Allie Terrell sued Regions Bank in state court seeking damages for injuries Roy suffered when he fell from a chair while in one of Regions' branches. Regions removed the action to federal court and then moved to compel arbitration based on an arbitration clause in an agreement concerning the Terrells' personal checking account. The Terrells contend that there is no valid and enforceable agreement to arbitrate and that their claims are outside the scope of any agreement related to their personal checking account. However, because the Terrells have not sufficiently attacked the validity of the arbitration clause itself and because the arbitration clause allows the arbitrator to determine arbitrability, arbitration will be ordered.

## I
## Procedural History

On July 29, 2020, Roy Terrell and Allie Terrell filed a complaint in the Circuit Court of Grenada County, Mississippi, against Regions Bank for damages they allegedly suffered after Roy fell out of a chair inside a Regions branch. Doc. #2. Alleging diversity jurisdiction, Regions removed the action to the United States District Court for the Northern District of Mississippi on September 18, 2020. Doc. #1. Approximately three weeks later, Regions filed a motion to compel arbitration and stay all proceedings. Doc. #6. The motion is fully briefed. Docs. #7, #10, #13.

## II
## Applicable Standards

The Federal Arbitration Act ("FAA") "provides that written arbitration agreements are generally valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Robertson v. Intratek Comput., Inc.*, 976 F.3d 575, 579 (5th Cir. 2020) (internal quotation marks omitted). Under the FAA, if the making of an arbitration agreement is at issue, "the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4. This requirement may be satisfied by a jury trial if demanded by the parties or through an evidentiary hearing. *Dalon v. Ruleville Nursing & Rehab. Ctr., LLC.*, 161 F. Supp. 3d 406, 411–12 (N.D. Miss. 2016). However, if the parties do not request a hearing, a court need not hold one when there is no genuine issue of material fact related to the making of an arbitration agreement. *See id.* at 417 ("[A] Court must hold a hearing unless there is no genuine issue of material fact ….").

"A court makes two determinations when deciding a motion to enforce an arbitration agreement. First, the court asks whether there is a valid agreement to arbitrate and, second, whether the current dispute falls within the scope of a valid agreement." *Edwards v. Doordash, Inc.*, 888 F.3d 738, 744 (5th Cir. 2018) (internal citation omitted). But "[w]hen the parties' contract delegates the arbitrability question to an arbitrator, the courts must respect the parties' decision as embodied in the contract." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 528 (2019). "Thus, a valid delegation clause requires the court to refer a claim to arbitration to allow the arbitrator to decide gateway arbitrability issues." *Kubala v. Supreme Prod. Servs.*, 830 F.3d 199, 202 (5th Cir. 2016) (citing *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010)). When the party seeking arbitration argues that there is a delegation clause, "the court performs the first step—an analysis of contract formation—but the only question, after finding that there is in fact a valid agreement, is whether the purported delegation clause is in fact a delegation clause."

2

*Edwards*, 888 F.3d at 743–44 (cleaned up) (quoting *Kubala*, 830 F.3d at 202). "In determining whether a challenge is to formation itself or to subsequent enforcement, courts should apply state-law principles of contract." *Bowles v. OneMain Fin. Grp., L.L.C.*, 954 F.3d 722, 725 (5th Cir. 2020) (cleaned up).

### III
### Background

On April 17, 2009, the Terrells opened a personal checking account with Regions Bank by signing a standard "Account Package" form. Doc. #6-2. The text of the Account Package states, in relevant part:

> By signing below, I also: (a) agree to be bound by the terms of the Bank's Deposit Agreement, and pricing schedule, as now in force and as amended from time to time hereafter, related to each account or service listed below; (b) acknowledge receipt of a copy of the applicable Deposit Agreement and pricing schedule now in effect; (c) promise that all information on this form is true and correct.

*Id.* The relevant portion of the governing Deposit Agreement[1] provides:

> ARBITRATION AND WAIVER OF JURY TRIAL. Except as expressly provided herein, you and we agree that either party may elect to resolve by BINDING ARBITRATION any controversy, claim, counterclaim, dispute or disagreement between you and us, whether asserted or brought in a direct, derivative, assignee, survivor, successor, beneficiary or personal capacity and whether arising before or after the effective date of this Agreement (any "Claim"). Claim has the broadest

---

[1] The Deposit Agreement referenced in the Account Package the Terrells initially signed was subsequently amended. At the time the Account Package was signed, the Deposit Agreement then in effect contained a similar provision:

> ARBITRATION AND WAIVER OF JURY TRIAL. Except as expressly provided below, you and we agree that either party may elect to resolve by BINDING ARBITRATION any controversy, claim, counterclaim, dispute or disagreement between you and us, whether arising before or after the effective date of this Agreement (any "Claim"). This includes, but is not limited to, any controversy, claim, counterclaim, dispute or disagreement arising out of, in connection with or relating to any one or more of the following: … (5) any alleged contract or tort arising out of or relating in any way to the Agreement, any account, any transaction, any advertisement or solicitation, or your business, interaction or relationship with us …. If either party elects to arbitrate, the Claim shall be settled by BINDING ARBITRATION under the Federal Arbitration Act ("FAA").

Doc. #6-3 at 20–21. It also provided that "[a]ny dispute regarding whether a particular controversy is subject to arbitration, including any claim of unconscionability and any dispute over the scope or validity of this agreement to arbitrate disputes or of this entire Agreement, shall be decided by the arbitrator(s)." *Id.* at 22.

>possible meaning and includes, but is not limited to, any controversy, claim, counterclaim, dispute or disagreement arising out of, in connection with or relating to any one or more of the following: … (5) any alleged contract or tort arising out of or relating in any way to the Agreement, any account, any agreement, any transaction, any advertisement or solicitation, or your business, interaction or relationship with us; … (8) any property loss, damage or personal injury; (9) any claim, demand or request for compensation or damages from or against us; (10) any damages incurred on or about our premises or property …. If either party elects to arbitrate, the Claim shall be settled by BINDING ARBITRATION under the Federal Arbitration Act ("FAA").

Doc. #6-4 at 3–4. The Deposit Agreement further provides that "[a]ny dispute regarding whether a particular controversy is subject to arbitration, including any claim of unconscionability and any dispute over the enforceability, scope, reach or validity of this agreement to arbitrate disputes or of this entire Agreement, shall be decided by the arbitrator(s)." *Id.* at 5.

## IV
## Analysis

Regions argues that "[a]ll the claims asserted by Plaintiffs against Regions fall within the scope and coverage of the arbitration clause as it requires Regions and Plaintiff to arbitrate *any* controversy, claim, or dispute between them, no matter the nature of such controversy, claim or dispute." Doc. #7 at 3. The Terrells respond that the arbitration clause is procedurally and substantively unconscionable, and that their claim is outside the scope of the arbitration agreement. Doc. #10 at PageID 143–47. Regions replies that (1) the Deposit Agreement "explicitly delegated all issues of arbitrability, including unconscionability and scope, to the arbitrator to decide;" (2) because the unconscionability argument "relies on terms outside of the arbitration agreement," it is "an attack on the contract as a whole" and "the issue is solely for the arbitrator to decide;" (3) there is nothing unconscionable about the arbitration clause because it was a "routine arms-length banking transaction;" and (4) the claim is within the scope because "the arbitration agreement applies to 'any dispute' between Plaintiffs and Regions." Doc. #13 at 1–2.

4

Because Regions argues that there is a delegation clause, the Court must determine (1) whether there is a valid agreement to arbitrate, and (2) if there is a valid agreement to arbitrate, whether there is in fact a delegation clause. *Edwards*, 888 F.3d at 743–44.

### A. Validity

The Terrells do not contest the existence of the Account Package, that they signed the Account Package, and that the Account Package references and incorporates the Deposit Agreement. Doc. #10 at PageID 136. But they contend that the agreement to arbitrate within the Deposit Agreement is both procedurally and substantively unconscionable.[2] *Id.* at PageID #141.

When determining whether an agreement to arbitrate exists, "federal courts do not consider general challenges to the validity of the entire contract." *Edwards*, 888 F.3d at 744 (citing *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440 (2006)); *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 215 (5th Cir. 2003) ("Unless a defense relates specifically to the arbitration agreement, it must be submitted to the arbitrator as part of the underlying dispute."). Thus, the Terrells' arguments must specifically address the arbitration clause in the Deposit Agreement rather than the Deposit Agreement as a whole.

---

[2] As explained above, no hearing on a motion to compel arbitration is necessary where there is no genuine issue of material fact as to the making of an arbitration agreement. *See Dalon*, 161 F. Supp. 3d at 417. In order to place the making of an arbitration agreement at issue within the meaning of Section 4, "a party contesting the 'making' of the arbitration agreement must 'make at least some showing that under prevailing law, he would be relieved of his contractual obligations to arbitrate if his allegations proved to be true … and produce some evidence to substantiate his factual allegations." *Am. Heritage Life Ins. Co. v. Orr*, 294 F.3d 702, 710 (5th Cir. 2002) (quoting *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1154 (5th Cir. 1992)) (internal punctuation omitted). The Terrells argue the agreement to arbitrate is unconscionable. Doc. #10 at PageID 141. But "[r]aising issues of [an agreement's] procedural or substantive unconscionability … is not the equivalent of questioning the 'making' of an arbitration agreement." *Orr*, 294 F.3d at 710. Here, Regions and the Terrells submitted copies of the Account Package form, the 2007 Deposit Agreement in effect at the time the Terrells opened their account, and the relevant Deposit Agreement. The Terrells also submitted an affidavit executed by Roy stating that he signed the Account Package form and that the form references the Deposit Agreement. Doc. #10-1. Because the Terrells do not dispute that Roy signed the Account Package or that the Account Package incorporates the Deposit Agreement, and because the Terrells' arguments relate to unconscionability, the Court concludes a hearing pursuant to Section 4 is not required.

Under Mississippi law,[3] "the usual defenses to a contract such as fraud, unconscionability, duress, and lack of consideration may be applied to invalidate an arbitration agreement, so long as the law under which the provision is invalidated is not applicable only to arbitration provisions." *E. Ford, Inc. v. Taylor*, 826 So. 2d 709, 714 (Miss. 2002). "Unconscionability has been defined as an absence of meaningful choice on the part of one of the parties, together with contract terms which are unreasonably favorable to the other party." *Id.* at 715 (internal quotation marks omitted). "The unconscionability of [a] contract … is to be determined under the circumstances as they existed at the time the contract was made." *Pridgen v. Green Tree Fin. Servicing Corp.*, 88 F. Supp. 2d 655, 657 (S.D. Miss. 2000).

### 1. *Procedural unconscionability*

The Terrells argue that the arbitration clause is procedurally unconscionable because Roy "lacked knowledge to be bound to the Region's [sic] arbitration agreement." Doc. #10 at PageID 144. To support this argument, the Terrells assert that Regions did not provide Roy with a copy of the Deposit Agreement, the Account Package did not reference an arbitration provision, and Regions "took advantage of a relatively unsophisticated customer by getting him to sign an [sic] one page document that attempts to incorporate a much larger agreement." *Id.* at PageID 144–45. Regions responds that "these charges are not specifically related to the arbitration agreement. Instead, they go to the making of the entire contract." Doc. #13 at 6.

The Terrells' arguments relate to the Account Package's incorporation of the Deposit Agreement and thus concern the entire contract rather than the specific arbitration clause. Accordingly, the Court should not and will not consider these "general challenges to the validity

---

[3] The Deposit Agreement provides that it "will be governed by the substantive laws (excluding laws of conflict) and regulations of the United States and the state in which your account is established." Doc. # 6-4 at 30. The Terrells' account was established in Mississippi, *see* Doc. #6-2, and the parties both rely on Mississippi law in their briefs.

6

of the entire contract." *Edwards*, 888 F.3d at 744. But even if the Court considered these arguments, they fail on the merits. Roy signed the Account Package, which includes a term stating that "[b]y signing below, I also … acknowledge receipt of a copy of the applicable Deposit Agreement and pricing schedule now in effect." Doc. #6-2. "In Mississippi, a person is charged with knowing the contents of any document that he executes." *Russell v. Performance Toyota, Inc.*, 826 So. 2d 719, 726 (Miss. 2002). Because Roy signed the Account Package acknowledging receipt of the Deposit Agreement, he cannot argue that he lacked knowledge of the arbitration clause on grounds that he never received the Deposit Agreement.

### 2. Substantive unconscionability

The Terrells also argue that the arbitration clause is substantively unconscionable because the terms "are sufficiently one-sided and oppressive to Plaintiffs that no reasonable person would accept them." Doc. #10 at PageID 146. In support, the Terrells contend that under the agreement (1) "Regions has an option to appeal any arbitration outcome over $250,000, however, Plaintiffs are not provided with any right to appeal;" (2) Regions can "unilaterally modify the Deposit Agreement, apparently without providing any form of notice to Plaintiffs, while Plaintiffs are expressly forbidden from modifying the contract without express written agreement from Regions;" and (3) "Regions is permitted to receive its expenses and attorneys' fees if it is the prevailing party at arbitration while there is no equivalent right for Plaintiffs to receive costs if they prevail." *Id.*

"Substantive unconscionability is proven by oppressive contract terms such that there is a one-sided agreement whereby one party is deprived of all the benefits of the agreement or left without a remedy for another party's nonperformance or breach." *Dalon v. MS HUD Ocean Springs LLC*, 283 So. 3d 90, 95 (Miss. 2019) (internal quotation marks omitted). "The terms of a

7

substantively unconscionable contract are so unreasonably favorable to one party that the contract imposes oppressive terms on the weaker party." *LAGB, LLC v. Total Merch. Servs., Inc.*, 284 So. 3d 720, 727 (Miss. 2019). If both parties are guaranteed the same rights by an arbitration agreement, the agreement is not substantively unconscionable. *United Credit Corp. v. Hubbard*, 905 So. 2d 1176, 1179 (Miss. 2004).

With respect to the right to appeal, as Regions indicates in its reply,[4] the Terrells' argument is not supported by the language of the arbitration clause. The agreement provides that "[i]n the event that the arbitration results in an award which imposes an injunction *on you or on us* or contains a monetary award in excess of $250,000, the award shall be reviewable on appeal initiated within 30 days." Doc. #6-4 at 5 (emphasis added). Nothing in the agreement limits the right to appeal to only Regions. However, the use of a dollar amount to limit the right to appeal may make the contract unconscionable if "the true purpose of the dollar amount threshold was to allow large judgments against the [bank] to be appealed, and to take away the ability to appeal if a small amount was awarded." *Marshall v. Pontiac*, 287 F. Supp. 2d 1229, 1233 (S.D. Cal. 2003). It does not appear that Mississippi courts have addressed this specific issue[5] but have provided that "[a]ll doubts concerning … defenses to arbitration must be resolved in favor of arbitration." *Slater-Moore v. Goeldner*, 113 So. 3d 521, 528 (Miss. 2013). Based on the language of the agreement, the parties are guaranteed the same rights to appeal, and the Terrells are not deprived of all benefits of the agreement. The fact that the dollar amount threshold is likely to operate more often in favor of Regions is not enough to render the arbitration clause unconscionable.

---

[4] Doc. #13 at 11.

[5] In *Cleveland v. Mann*, the Mississippi Supreme Court found that an arbitration agreement between a doctor and a patient was not substantively unconscionable based on the doctor's ability to choose the arbitration association and the patient's "limited right to appeal," but did not discuss how the patient's right to appeal was limited or whether the same limits applied to the doctor. 942 So. 2d 108, 116 (Miss. 2006).

Regions' response to the Terrells' argument regarding attorneys' fees is that the term is no longer in the Deposit Agreement. Doc. #13 at 12. The relevant Deposit Agreement allows the arbitrator "to award attorneys' fees, costs and expenses, in whole or in part, in instances where such is authorized by applicable law." Doc. #6-4 at 5. However, the Court must look to the circumstances at the time the contract was formed. *Pridgen*, 88 F. Supp. 2d at 657. Although the Deposit Agreement in effect when the Terrells opened their account did provide for attorneys' fees, it is in a section separate from the arbitration clause. Doc. #6-3 at 23. This argument does not apply specifically to the arbitration clause and is not properly considered in determining whether the parties had a valid arbitration agreement.

Likewise, the Terrells' argument regarding Regions' ability to "unilaterally modify the Deposit Agreement" refers to a section of the Deposit Agreement separate from the arbitration clause and thus is not specifically directed at the agreement to arbitrate.

### 3. Summary

The Terrells have failed to show that the arbitration clause within the Deposit Agreement is invalid. Thus, there is a valid agreement to arbitrate.

### B. Delegation Clause

Having found there is a valid agreement to arbitrate, the next question "is whether the purported delegation clause is in fact a delegation clause—that is, if it evinces an intent to have the arbitrator decide whether a given claim must be arbitrated." *Kubala*, 830 F.3d at 202 (citing *Rent-A-Ctr.*, 561 U.S. at 68–69). The arbitration agreement provides that "[a]ny dispute regarding whether a particular controversy is subject to arbitration, including any claim of unconscionability and any dispute over the enforceability, scope, reach or validity of this agreement to arbitrate disputes or of this entire Agreement, shall be decided by the arbitrator(s)." Doc. #6-4 at 5. The

language of this clause indicates that the parties agreed that the arbitrator should be the decisionmaker on whether a claim is arbitrable. Although the Terrells argue that their claim is outside of the scope of the arbitration agreement, the delegation clause specifically indicates that the scope of the agreement is to be decided by the arbitrator. Because the Terrells do not present any arguments that the delegation clause is invalid, the issue of whether their claim is within the scope of the agreement must be left for the arbitrator. *See Kubala*, 830 F.3d at 204 (where there is a valid delegation clause, the courts cannot resolve issue regarding whether a claim is covered by an arbitration agreement).

### C. Stay

Regions asks the Court for "an order staying this action and enjoining Plaintiffs from proceeding with their claims against Regions" until after "the arbitration has been conducted, concluded and confirmed in accordance with the terms of the agreement." Doc. #7 at 5.

Having concluded that the agreement to arbitrate includes a valid delegation clause, the issue of arbitrability must be decided by an arbitrator. Under 9 U.S.C. § 3, the Court, "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall … stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." Accordingly, this action will be stayed.

### V
### Conclusion

Regions' motion to compel arbitration [6] is **GRANTED**. This case is **REFERRED** to arbitration for a determination of whether the Terrells' claims are arbitrable and if so, a determination on the merits. This action is **STAYED** in its entirety pending the outcome of arbitration.

**SO ORDERED**, this 9th day of February, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**